UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE KING,

    Defendant.

Case No. 18-cr-20637
Honorable Laurie J. Michelson

**ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE [54]**

In the time between Lawrence King's guilty plea to being a felon in possession of a firearm and his sentencing, the Supreme Court held that, to be convicted of such an offense, the government must prove that a defendant knew he possessed a firearm *and also* that he knew he was a felon and thus barred from possessing a firearm. *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). King believes this change in law requires his conviction be vacated under 28 U.S.C. § 2255. For the reasons set forth below, the motion is DENIED.

**I.**

With the benefit of a written plea agreement, Lawrence King pleaded guilty on April 10, 2019, to one count of being a felon in possession of a firearm and one count of possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 39.) King admitted that on October 13, 2016, he knowingly possessed firearms at his house in Flint, Michigan, that the firearms traveled through interstate commerce before he possessed them, that in 2004 he was convicted of assault with intent to do great bodily harm and home invasion, and that "these crimes were punishable by a term of imprisonment exceeding one year." (ECF No. 39, PageID.126–127; ECF

No. 59, PageID.268.) King did not, however, expressly acknowledge that he knew of his felony status. And he was not advised of a status element during his plea. (ECF No. 59.)

Two months later, in June 2019, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Court held that in prosecutions under 18 U.S.C. § 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. There was no mention of *Rehaif* during King's sentencing on September 11, 2019. Nor did King raise any objections to the Presentence Report. The PSR included information about King's prior conviction for home invasion and assault. The details for this offense included that King was sentenced on March 7, 2005, to 84 to 240 months for the home invasion count and 80 to 120 months for the assault counts, and was granted parole in October 2011. (ECF No. 60, PageID.275.) In other words, he served a little over six and a half years in prison.

On the underlying offenses in this case, King was sentenced on September 11, 2019, to 28 months' imprisonment on the felon in possession count and 60 months consecutive on the § 924(c) count. (ECF No. 52.) As part of the plea deal, King waived his right to appeal his conviction on any grounds and waived his right to appeal any sentence that did not exceed 106 months. (ECF No. 39, PageID.132.) And in fact, no direct appeal was filed. Instead, King now moves to vacate his conviction under 28 U.S.C. § 2255 as a result of the ruling in *Rehaif*. (ECF No. 54.) The government opposes the motion. (ECF No. 60.)

The motion does not raise any factual issues for resolution. King simply argues that *Rehaif* "changed the substantive law, rendering the conduct underlying King's 18 U.S.C. § 922(g)(1) conviction as charged in the indictment no longer criminal." (ECF No. 54, PageID.229.) Even assuming King could clear certain procedural deficiencies, his argument fails on the merits.

2

Indeed, the motion, record of prior proceedings, and governing law "conclusively show that [King] is entitled to no relief[,]" and thus, an evidentiary hearing is not necessary. 28 U.S.C. § 2255(b); Rules Governing § 2255 Cases, Rule 4(b).

## II.

A federal prisoner may challenge his sentence by way of a motion filed pursuant to 28 U.S.C. § 2255. "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

## III.

The government's response raises a number of procedural hurdles. But even assuming, without deciding, that *Rehaif* applies retroactively to cases on initial collateral review, that King's motion is timely, and that King has not procedurally defaulted his claim, *Rehaif* does not warrant vacating King's conviction. More specifically, even if the Court erred by failing to establish that King knew of his status as a prohibited person before accepting his guilty plea, King cannot demonstrate the error "had a substantial and injurious effect or influence on the guilty plea." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

For one, as the government points out, "King has not even alleged that he would have insisted on a trial, had he been advised that the government must prove his knowledge about being convicted of a crime punishable by more than one year in jail." (ECF No. 60, PageID.281); *see also United States v. Hobbs*, 953 F.3d 853, 857–58 (6th Cir. 2020) (finding "no contemporaneous evidence suggests that [defendant] would have rejected the plea deal had the indictment contained the knowledge-of-status element."); *United States v. Watson*, No. 19-3658, 2020 U.S. App. LEXIS 22384 (6th Cir. July 17, 2020) (on plain error review, noting that a defendant who pleads guilty must demonstrate prejudice from the failure of a district court to explain the knowledge-of-status element).

This is understandable. King admitted in the factual basis for his guilty plea that he was convicted in 2004 of two counts of assault with intent to do great bodily harm and one count of home invasion, and that "all of these crimes were punishable by a term of imprisonment exceeding one year." (ECF No. 39, PageID.127.) While an admission to a prior felony conviction "does not automatically establish knowledge of felony status, it is strongly suggestive of it." *United States v. Conley*, 802 F. App'x 919, 923 (6th Cir. 2020); *see also United States v. Raymore*, 965 F.3d 475, 485 (6th Cir. 2020) (noting that "a jury could infer from [defendant's] stipulation to his prior felony conviction the requisite knowledge of his status for a § 922(g)(1) violation."). More significant, King spent over six years in prison for these 2004 convictions. Thus, it is not plausible that he was unaware that he is a person who had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), nor is it plausible that he would have changed his plea on that basis. *See United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) (court found clear evidence in the record from which a jury could infer that defendant knew he was a felon where defendant had two prior felony convictions from guilty pleas and served a

4

total of over six years in prison); *United States v. Hobbs*, 953 F.3d 853, 858 (6th Cir. 2020) (rejecting *Rehaif* challenge on plain error review where defendant had served six years in prison on a prior felony conviction).

### IV.

Thus, King's Motion to Vacate Sentence Under 28 U.S.C. § 2255 is DENIED. Nor is King entitled to a certificate of appealability as he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated: December 17, 2020

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE